**In re Jerry Ernest RUSSELL, 244–58–8805, and Sally Watson Russell, 239–64–8697.**

**Jerry Ernest RUSSELL, Sally Watson Russell and Marcus L. Johnson, Standing Trustee, Plaintiffs,**

v.

**HOUSEHOLD FINANCE CORP., Defendant.**

**Bankruptcy No. C–B–83–510. Adv. No. 83–0747.**

United States Bankruptcy Court, W.D. North Carolina, Charlotte Division.

Jan. 31, 1984.

Edmund Pickup, Jr., Mitchell, Pickup & Rallings, Charlotte, N.C., for plaintiffs.

A. Burton Shuford, Henderson & Shuford, Charlotte, N.C., for defendant.

## ORDER CLASSIFYING CREDITOR AS SECURED

MARVIN R. WOOTEN, Bankruptcy Judge.

THIS CAUSE, coming on to be heard, and being heard before the undersigned Bankruptcy Judge, on the 12th day of January, 1984, and being reheard on the 23rd day of January, 1984, with both parties present and in court, and represented by counsel; and,

Testimony being given in open court by Jerry E. Russell, Debtor, and Waldon C. Kooiman of Oasis Pools, and based upon said testimony, certain exhibits of the Plaintiff which were offered into evidence and considered by the court, stipulations of counsel, the pleadings, arguments of counsel and other information in the file before the court, the court makes the following:

## FINDINGS OF FACT

1. The court finds as a fact, all of the "Stipulations of Facts for Purposes of Trial" as executed by counsel for Plaintiff and Defendant.

2. That as a part of the purchase price, Oasis Pools provided a cash advance for the employment of a contractor to erect the pool.

3. That said cash advanced was actually used for said installation.

4. That said contractor was an independent contractor and not related to Oasis Pools, the Seller.

Based upon the foregoing findings of fact, the court makes the following:

## CONCLUSIONS OF LAW

1. That as of the date of the filing of the petition in this case, the Debtors were indebted to the Defendant, Household Finance Corporation in the amount of Three Thousand Six Hundred Sixty-eight and $^{24}/_{100}$ ($3,668.24) Dollars.

2. That the pool purchased by the Debtors is a consumer good as defined by G.S. 25–9–109, including the installation fee, for the reason that the debtor purchased one unit to wit: "an installed pool".

3. That the security interest of the Defendant, Household Finance Corporation, is a purchase money security interest as defined by G.S. 25–9–107, including the installation fee, for the reason that the debtor purchased one unit to wit: "an installed pool".

4. That, pursuant to G.S. 25–9–302(1)(d), the security interest of Defendant, Household Finance Corporation is a purchase money security interest in a consumer good and is properly perfected without the filing of a UCC Financing statement.

5. That Defendant, Household Finance Corporation's claim is properly secured by said pool.

NOW, THEREFORE, by virtue of the law and by reason of the matters aforesaid, it is ORDERED, ADJUDGED AND DECREED:

That the claim of Defendant, Household Finance Corporation arising out of the sale and purchase of the aforesaid pool is a valid, properly perfected, purchase money security interest in said pool and that the

claim of Household Finance Corporation be afforded secured status in the bankruptcy of the Debtors, Jerry E. Russell and Sally W. Russell.